#25913-a-JKM

**2011 S.D. 66**

IN THE SUPREME COURT
OF THE
STATE OF SOUTH DAKOTA

\* \* \* \*

GREAT WESTERN BANK,            Plaintiff and Appellee,

     v.

THOMAS E. BRANHAN and
ROBIN E. BRANHAN,            Defendants and Appellants.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF
THE THIRD JUDICIAL CIRCUIT
CODINGTON COUNTY, SOUTH DAKOTA

\* \* \* \*

THE HONORABLE RONALD K. ROEHR
Judge

\* \* \* \*

JAMES ROBY of
Green, Roby, Oviatt, Cummings
  & Linngren, LLP
Watertown, South Dakota            Attorneys for plaintiff
                                           and appellee.

RICHARD D. CASEY
HEATH OBERLOH
RYLAND DEINERT of
Lynn, Jackson, Shultz & Lebrun, PC
Sioux Falls, South Dakota           Attorneys for defendants
                                           and appellants.

\* \* \* \*

CONSIDERED ON BRIEFS
ON AUGUST 22, 2011

OPINION FILED **09/28/11**

#25913

MEIERHENRY, Retired Justice

[¶1.]       Thomas and Robin Branhan (Branhans) appeal from an order of the Third Judicial Circuit Court, holding that Great Western Bank (Great Western) is entitled to a $39,810 capital call repayment from Glacial Lakes Corn Processors (Glacial Lakes). Branhans argue that they are entitled to the repayment because they paid the capital call on which the repayment was based, and because the repayment would give Great Western more than it agreed to under the parties' settlement agreement. We affirm.

## Facts and Procedural Background

[¶2.]       In February 2008, Branhans borrowed money from Great Western for the construction and financing of a new home in Watertown. At the time, Thomas Branhan was employed as the CEO of Glacial Lakes. As collateral for the loan, Branhans gave Great Western a security interest in their shares of Glacial Lakes stock. A short time later, Thomas's employment with Glacial Lakes ceased, and the Branhans defaulted on their loan. They were also unable to pay a capital call of $0.06 per share that Glacial Lakes instituted against all outstanding stock in December 2008. In order to protect its security interest in the Glacial Lakes stock, Great Western paid the $46,660 capital call on Branhans' behalf. This amount was added to Branhans' outstanding loan.

[¶3.]       Great Western subsequently brought a foreclosure action against Branhans. In a written agreement, the parties agreed that Great Western would accept $1,063,799 to settle all amounts Branhans owed. As payment, Great Western gave Branhans credit for $670,000 for the sale of the home, leaving a

balance of $393,799. Additionally, Branhans had until April 1, 2010, to use their best efforts to sell the Glacial Lakes stock, but agreed to surrender and transfer to Great Western all their rights to the stock they were unable to sell. On April 1, unsold stock remained, and the circuit court valued the remaining unsold stock at $256,507.10. This amount was credited to Branhans, leaving a balance of $137,291.90 owed to Great Western. The circuit court entered a deficiency judgment for this amount. In December 2010, Great Western issued a satisfaction of judgment, indicating that Branhans had paid the deficiency judgment.

[¶4.]     In September 2010, Glacial Lakes announced a proposed repayment of its December 2008 capital call. Glacial Lakes made half of the repayment in November 2010, and pledged to repay the remaining half by August 2011. In response, Branhans filed a motion to determine which party was entitled to the capital call repayments. The circuit court concluded that Great Western owned the stock and was therefore entitled to the repayments. Branhans appeal.

## Analysis and Decision

[¶5.]     The facts in this case are not in dispute. Branhans challenge only the trial court's legal conclusions. When conclusions based on undisputed facts are challenged on appeal, we review the conclusions of law de novo without deference to the trial court. *Osman v. Karlen and Assocs.*, 2008 S.D. 16, ¶ 15, 746 N.W.2d 437, 442-43 (citing *Fin-Ag, Inc. v. Feldman Bros.*, 2007 S.D. 105, ¶ 19, 740 N.W.2d 857, 862-63.

[¶6.]     Branhans claim that they fully repaid Great Western for the amount of the deficiency judgment, and that Great Western would receive more than it was

entitled to under the settlement agreement if it received Glacial Lakes' capital call repayment. Branhans claim that since Great Western added the original capital call to their loan, which they satisfied, they should receive the Glacial Lakes' repayment. Essentially, they claim that their original payment of the capital call entitles them to the repayment of that capital call. Great Western claims it is entitled to the repayment because ownership of the stock had transferred and repayment was incident to ownership.

[¶7.]      Branhans dispute that the settlement agreement transferred stock "ownership" to Great Western. Instead, they contend that the agreement only allowed Great Western to take possession of the stock and sell it in order to reduce the amount of Branhans' debt. Branhans' argument, however, is contrary to the unambiguous language of the settlement agreement, in which Branhans clearly agreed to transfer all of their interest in the unsold Glacial Lakes stock to Great Western. Paragraph 6(e) of the agreement provides:

> In the event some or all of the Borrowers' [Glacial Lakes] stock remains unsold as of April 1, 2010, and the $399,799.00 loan obligation balance remains unpaid in whole or in part, then and in that case, *the Borrowers shall surrender and transfer to the Bank all rights in and to all of the [Glacial Lakes stock] remaining unsold.*

(Emphasis added.) By the terms of the agreement, Great Western obtained "all rights in and to all of [Branhans'] remaining unsold" Glacial Lakes stock as of April 1, 2010. The agreement did not reserve any of Branhans' ownership rights to the stock or future capital call repayments. In fact, Branhans admit in their brief to the Court: "[n]ow that the full amount [of the deficiency judgment] has been paid and

the [j]udgment has been satisfied, [Great Western] gets to keep the stock and sell it . . . ."

[¶8.]    The circuit court determined ownership of the shares transferred to Great Western on April 1, 2010, and that the repayment of the capital call was a benefit of ownership.  The circuit court rejected Branhans' argument that the capital call repayment constituted double payment to Great Western.  The circuit court reasoned that "[w]hen the bank acquired the shares, it acquired all the potential gains and losses associated with stock ownership, including possible repayment of the capital call or possible nonpayment thereof."  We agree with the circuit court.  Both parties made concessions as part of the settlement agreement. Transferring ownership of the shares was part of the agreement.  The benefit of capital call repayment transferred with the shares.  Consequently, Great Western was entitled to the capital call repayment.

[¶9.]    Affirmed.

[¶10.]    GILBERTSON, Chief Justice, and KONENKAMP, ZINTER and SEVERSON, Justices, concur.

[¶11.]    WILBUR, Justice, did not participate.